REQUESTED BY: Senator Rod Johnson Nebraska State Legislature 804 State Capitol Lincoln, Nebraska 68509
Dear Senator Johnson:
Your letter dated December 28, 1983, to Mr. Douglas has been referred to the undersigned. In that letter you requested an opinion from this office regarding the constitutionality of a bill providing for contractual fire protection of state owned property located in a rural or suburban fire protection district by a rural or suburban fire district. This bill is an amendment to Neb.Rev.Stat.35-508(11) (1982 Supp.) which now provides for contractual fire protection of the Game and Parks Commission's property located within the district. The amendment also makes minor language changes to Neb.Rev.Stat. § 35-508 (1982 Supp.).
There are two possible interpretations of the bill's provisions regarding contractual fire protection of state owned property by a fire district. Under one interpretation, the bill's provisions regarding contractual fire protection of state property are unconstitutional. Although no legal infirmities of a constitutional nature exist under the second interpretation, there are significant legal impediments to the enforcement of such contracts.
This office has consistently taken the position that rural and suburban fire districts have a legal obligation to protect state property within their districts regardless of whether taxes are paid by the state to support the district. In fact, the property of the state and its governmental subdivisions are expressly exempted from taxation by virtue of Article VIII, Section 2 of the Nebraska Constitution. If this bill is interpreted as authorizing rural and suburban fire districts to condition fire protection of state property on the existence of a contract between the state agency and the rural or suburban fire district in question, the bill is unconstitutional because it amounts of an unlawful attempt to tax state property in violation of Article VIII, Section 2 of the Nebraska Constitution. The bill would allow the district's board of directors to do indirectly what it may not do directly levy taxes on state property.
If the bill is interpreted as authorizing state agencies to voluntarily enter into contracts with rural and suburban fire districts for the fire protection of state property and as requiring the districts to provide fire protection of such property whether or not a fire protection contract exists, then the bill is not constitutionally infirm. However, other significant legal barriers could prevent its enforcement. A necessary prerequisite to the existence and thus the enforceability of any contract is that consideration has been exchanged between the parties.In re Allen's Estate, 147 Neb. 909, 25 N.W.2d 757 (1947). A promise to do what the promisor is already legally bound to do is insufficient consideration to support a contract.Esterly Harvesting Machine Co. v. Pringle, 41 Neb. 265,59 N.W. 804 (1894), 17 Am.Jur.2d § 119, page 465. In an action by a fire district to compel a state agency to pay the contract price for fire protection, the fire district would probably be unsuccessful on the ground that there was not an enforceable contract between the parties. In other words, the court would probably hold that since the fire district had a legal obligation to protect state property, the contract to provide fire protection fails for want of consideration and is unenforceable.
The remaining language changes which the amendment seeks to make in Neb.Rev.Stat. § 35-508 (1982 Supp.) pose no discernible constitutional problems.
If you have any questions, please contact the undersigned.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Michaela M. White Assistant Attorney General